MARTÍNEZ, RESPONDENT, *v.* PADILLA, APPELLANT.

APPEAL from the District Court of Mayagüez.

No. 918.—Decided May 27, 1913.

COSTS—SUBJECT-MATTER—ATTORNEY'S FEES—CONSTRUCTION OF LAW.—According
to section 327 of the Code of Civil Procedure, as amended by Act of March 12,
1908, the question of whether attorney's fees may be included in the judgment
as costs depends upon whether the amount claimed in the complaint exceeds
$500 and not upon the amount recovered by the judgment, this being the
meaning of the expression "subject-matter" used in said statute.

ID.—BLAME—BAD FAITH—TEMERITY—CONSTRUCTION OF LAW.—The word "blame"
   used in section 327 of the Code of Civil Procedure as amended by Act of
   March 12, 1908, is synonymous with temerity or bad faith when used in
   connection with the imposition of costs, therefore, in that sense a person is
   blameworthy, temerarious or acting in bad faith when there is nothing to
   justify the maintenance or defense of his action.

ID.—TEMERITY—COMPLAINT.—A defendant cannot be deemed guilty of temerity
   and ordered to pay costs when any part of the complaint is denied or his
   defense is just, although only in part.

The facts are stated in the opinion.

*Mr. José de Diego* for appellant.

*Mr. Leopoldo Feliú* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

This appeal originated in an action brought against the
defendant for the recovery of damages fixed by the plaintiff
at the sum of $5,070 and denied by the defendant on the
ground that the amount is excessive and not due, for which
reason he prays that the complaint be dismissed.

The trial took place before the District Court of Mayagüez
which rendered judgment against the defendant for the sum
of $300 together with costs, disbursements, and attorney's
fees.

An appeal was taken from this judgment by the defendant
whose only assignment of error is the violation of section 327
of the Code of Civil Procedure, as amended by the Act of
March 12, 1908.

The appellant makes no objection to the judgment in so-
far as it refers to the damages, but deems that portion thereof
which adjudges him to pay attorney's fees to be illegal. We
will therefore limit ourselves to a consideration of that ques-
tion.

The section alleged to have been violated reads as follows:

"Section 327.—Parties to actions or proceedings are entitled to
costs and disbursements incurred by them, subject to the rules herein-
after provided. In all cases where costs have been allowed to one
party in an action or proceeding, if the subject-matter exceeds five
hundred dollars, said party shall be entitled to receive from the de-
feated party the amount of fees due the former's attorney for his serv-

ices. *Provided,* That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding, and *Provided, further,* That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, the degree of blame, if any, of the party against whom judgment is rendered to be considered." Acts of 1908, p. 85.

According to the foregoing section, when the subject-matter exceeds $500 the trial court may include in the judgment the fees of the attorney of the successful party.

The appellant contends that the subject-matter referred to by the law as regulating the imposition of attorney's fees is the amount determined by the judgment and not the amount claimed in the complaint.

The words "subject-matter," as used in law, have always been held to mean the amount claimed in the complaint. According to Bouvier's Law Dictionary, volume 2, p. 1052, it means the cause, the object, the thing in dispute. A like definition is given in 37 Cyc., 342, although with the addition that it is the matter or thought presented for consideration in some statement or discussion. In Words and Phrases Judicially Defined, volume 7, page 6711, it is said to be the right which one party claims as against the other and demands the judgment of the court upon it, and is synonymous with "cause of action." In English's Law Dictionary, page 752, it is defined as the ground of an action. Thus we see that subject-matter always means the question in dispute, namely, the question submitted for consideration and decision in a complaint.

Therefore, under our statute the question as to whether attorney's fees may be included in the judgment depends upon whether the amount claimed in the complaint exceeds $500 and not upon the amount allowed in the judgment. It is true that in some States of the Union the costs and attorney's fees depend upon the amount of the judgment and not upon the amount claimed in the complaint, but in those States the

statutes so provide clearly. Thus we see, for example, that section 1025 of the California Code of Procedure states that "no costs shall be allowed in an action for the recovery of money or damages when the plaintiff *recovers* less than three hundred dollars." In other States, as in Indiana, when the plaintiff *recovers* less than $50 he is not entitled to costs and must pay those of the defendant; in New Jersey if he does not *recover* more than $200 in actions commenced in the supreme court, he is not entitled to costs; and in Oregon costs likewise depend upon the amount recovered by the judgment. 11 Cyc., 41. In said States it is not the subject-matter but the amount determined by the judgment which entitles the party to costs, and it may be rightly said in those States that while the subject-matter of the complaint determines the jurisdiction, the amount recovered in the judgment is the basis for the right to costs. Such is not the rule under our statutes.

The other requisites which the law exacts for a judgment for costs and attorney's fees is that in the discretional opinion of the court the party against whom judgment is rendered is blameworthy.

The blame to which the law refers is equivalent to the temerity or bad faith necessary under our former laws for the imposition of costs. All these terms are synonymous and, as may be seen therefrom, indicate a lack of cause on the part of the plaintiff to bring and maintain an action and a lack of right on the part of the defendant to defend an action. Hence in that sense a person is blameworthy, temerarious, or acting in bad faith when there is nothing to justify the maintenance or defense of his action. Consequently, according to the uniform jurisprudence of the Supreme Court of Spain, a defendant cannot be deemed guilty of temerity and ordered to pay costs when any part of the complaint is denied or when his defense is just, even though only in part. See judgment of March 14 and May 4, 1893.

In view of the foregoing the question in this case is whether there was any blame, temerity or bad faith on the

part of the defendant, against whom judgment has been rendered, in defending the suit brought against him.

The plaintiff claimed $5,070 as damages for wounds which the defendant wilfully inflicted upon him. Among the items which made up this total is one for $3,000 for three months during which he was unable to look after and take care of his property. The defendant had pleaded that the amount claimed was excessive; that the damages sustained did not amount to more than fifteen or twenty dollars; that he had acted in self-defense, and he denied, among other things, that the plaintiff had been unable to attend to his property for three months. The judgment of the court sustained the contention of the defendant on these points in holding that plaintiff was prevented from attending to his farm for one month only; that he did not prove the loss of the crop, and that his damages amounted to only $300.

In view, then, of all the circumstances surrounding this case we cannot hold that there was either temerity or blame on the part of the defendant in maintaining his defense to the action brought against him, therefore the lower court erred in so holding. To such an extent is this the fact that if the case had not been defended, the defendant would have been adjudged to pay the $5,070 claimed without a trial, there figuring in that amount an item of $3,000 for damages alleged to have been caused by the inability of the plaintiff to attend to his property for a period of three months with the resultant loss of the crop which, as we have already seen, was not true.

For the foregoing reasons the judgment appealed from should be reversed as to that part which refers to the payment of attorney's fees.

> *Reversed as to that part which orders the payment of attorney's fees and affirmed as to the rest.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary did not take part in the decision of this case.